WO                                                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Monroe Barrett, | No. CV 13-0384-PHX-GMS (LOA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Mesa Police Department, et al., | |
| Defendants. | |

Plaintiff Robert Monroe Barrett, who was then-confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He subsequently filed a First Amended Complaint and a motion to appoint counsel. The Court dismissed the First Amended Complaint for failure to state a claim with leave to amend and denied the motion. (Doc. 13.) Plaintiff has filed a motion for reconsideration of the denial of his motion for appointment of counsel and has filed a Second Amended Complaint. (Doc. 15, 16.) Plaintiff has also filed a notice of change of address reflecting that he is now incarcerated in the Arizona State Prison Complex, Cimarron Unit, in Tucson, Arizona. (Doc. 18.) The Court will order Defendants Carmichael, Badger, and Riesmersma to answer Counts I-III of the Second Amended Complaint and will dismiss the remaining Defendant without prejudice. The Court will deny the motion for reconsideration.

**TEMPSREF**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

Plaintiff alleges three counts for violation of his Fourth Amendment rights against unreasonable searches and seizures and the use of excessive force. Plaintiff sues the City of Mesa and the following members of the Mesa Police Department: Officer Christopher Carmichael, Erik L. Badger, and Christoph M. Riesmersma. Plaintiff seeks declaratory, compensatory, and punitive relief.

Except as otherwise indicated, Plaintiff alleges the following facts in his Second Amended Complaint: on January 7, 2013, Plaintiff was at a church during normal "business" hours attending services open to the public. Three Mesa police officers seized Plaintiff, searched his clothing, and removed the contents of his wallet to learn his identity. Plaintiff contends that the search and seizure violated his Fourth Amendment rights. According to Plaintiff, he was sitting down praying when Defendants Carmichael, Badger, and Riesmersma "tackled" him and forced him face down on the ground and caused him abrasions and bruising. Carmichael and Badger jumped on Plaintiff's back, landing on his neck and torso, while Riesmersma used knee strikes to Plaintiff's head and back and shot Plaintiff in the back with a taser, while Plaintiff was prone on the ground and even after Plaintiff was handcuffed. Plaintiff contends that Riesmersma maliciously used excessive force against him. Plaintiff denies that he was combative at the time and claims that he was already detained by the other two officers.

Paramedics were summoned to evaluate Plaintiff. (Doc. 16, Ex. A.) In their report, they indicated that Plaintiff was cuffed on the ground when they arrived, that he had been tased, and that he had minor abrasions to his extremities. (*Id.* at 8.) Plaintiff refused transport to a hospital or emergency room for treatment and was taken into custody.

### Background

Plaintiff was charged with one count of resisting arrest in Maricopa County Superior Court, case# CR2013-101169, with an offense date of January 7, 2013.[1]

---
[1] **Error! Main Document Only.** *See*

Plaintiff was also charged with violating the terms of his probation in CR2012-106893 based on the filing of new criminal charges.[2] On March 5, 2013, the court determined that Plaintiff was competent following a Rule 11 evaluation.[3] On June 24, 2013, Plaintiff pleaded guilty to resisting arrest in the 2013 case[4] and was found guilty of having violated the terms of probation in the 2012 case.[5] On August 7, 2013, Plaintiff was sentenced to 1.75 years in prison in the 2013 case[6] and imposition of sentence was suspended and probation reinstated in the 2012 case.[7]

### III.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Outlander*, 879 F.2d 583, 587 (9th Cir. 1989). Negligence is not sufficient to state a claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct

---

http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2013-101169 (last visited Oct. 28, 2013).

[2] **Error! Main Document Only.** *See* http://www.courtminutes.maricopa.gov/docs/Criminal/012013/m5590142.pdf (last visited Oct. 28, 2013).

[3] **Error! Main Document Only.** *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032013/m5664901.pdf (last visited Oct. 28, 2013).

[4] **Error! Main Document Only.** *See* http://www.courtminutes.maricopa.gov/docs/Criminal/072013/m5839245.pdf (last visited Oct. 28, 2013).

[5] **Error! Main Document Only.** *See* http://www.courtminutes.maricopa.gov/docs/Criminal/072013/m5839247.pdf (last visited Oct. 28, 2013).

[6] **Error! Main Document Only.** *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082013/m5893827.pdf (last visited Oct. 28, 2013)

[7] **Error! Main Document Only.** *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082013/m5893835.pdf (last visited Oct. 28, 2013).

**TERMPSREF**

of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff sues the City of Mesa. A municipality is a "person" for purposes of § 1983, i.e., a municipality such as a city or county, may be sued. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff alleges that the Officer Defendants used excessive force against him in violation of City policies. Plaintiff fails to allege facts to support that the officers used excessive force against him *pursuant* to a policy established or condoned by the City. Accordingly, Plaintiff fails to state a claim against the City and it will be dismissed.

**IV.   Claims for Which an Answer Will be Required**

In Count I, Plaintiff alleges that the Defendant Officers unreasonably seized and searched him, prior to arrest.[1] In Counts II and III, he alleges that after he had been

---

[1] It does not presently appear that the validity of Plaintiff's conviction would be necessarily invalidated if the claimed Fourth Amendment violation is proven.

**TERMPSREF**

1 handcuffed, Defendant Officers continued to deliver knee strikes to his head and back
2 and shot him with a taser. *See Smith v. Hemet*, 394 F.3d 689, 693 (9th Cir. 2005) (*en*
3 *banc*) (concluding claims were not barred under *Heck v. Humphrey* "because the
4 excessive force may have been employed against him subsequent to the time he engaged
5 in the conduct that constituted the basis for his conviction [for resisting arrest]."); *Sanford*
6 *v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001). Plaintiff sufficiently states a claim for
7 violation of his Fourth Amendment rights against unlawful search and use of excessive
8 force. Defendants Carmichael, Badger, and Riesmersma will be required to respond to
9 these claims.

## V.   Motion for Reconsideration

The Court previously denied Plaintiff's motion for appointment of counsel. Plaintiff has filed a motion for reconsideration. (Doc. 15.) Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. *Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 309 (D. Ariz. 1992).

Plaintiff seeks reconsideration on the basis that he is unable to afford counsel, his ability to litigate will be hampered by his incarceration, he lacks access to a law library, and any trial will likely involve conflicting testimony. Plaintiff does not allege or show that the Court clearly erred in previously denying his request, that there has been an intervening change in controlling law, or other grounds for reconsideration. Accordingly, Plaintiff's motion for reconsideration will be denied.

## VI.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Defendant City of Mesa is **dismissed** without prejudice. (Doc. 16.)

(2)   Defendants Carmichael, Badger, and Riesmersma must answer Counts I-III. (Doc. 16.)

(3)   Plaintiff's motion for reconsideration is **denied.** (Doc. 15.)

TERMPSREF

(4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 16), this Order, and both summons and request for waiver forms for Defendants Carmichael, Badger, and Riesmersma.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for

photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 4th day of November, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge